**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR32** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| **SCOTT JANICEK,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 38) issued by Magistrate Judge Thomas D. Thalken recommending denial of the Defendant's motion to suppress (Filing No. 16).  The Defendant, Scott Janicek, filed a statement of objections to the Report and Recommendation (Filing No. 40) and a supporting brief (Filing No. 41 as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

Janicek is charged in a three-count Indictment with conspiracy to distribute and possess with intent to distribute over 50 grams of methamphetamine and over 500 grams of a mixture or substance containing a detectable amount of methamphetamine (Count I), possession with intent to deliver over 5 grams of methamphetamine (Count II), and criminal forfeiture (Filing No. III).  Janicek seeks an order suppressing evidence obtained as a result of the December 14, 2004, search of his residence.

Following an evidentiary hearing, Judge Thalken issued a Report and Recommendation in which he determined: the door was opened to allow the officers entry into the residence; Mike Radik, owner of the residence, gave officers voluntary written consent to search the residence; Kristina Voien, who lived with Janicek in the basement southwest bedroom that he rented together with a basement southeast bedroom, gave officers voluntary written consent to search the residence; it was objectively reasonable for

officers to believe, even if that belief was mistaken, that Radik's consent allowed them to search the upstairs and common downstairs areas, and therefore Radik's consent was valid; it was objectively reasonable for officers to believe, even if that belief was mistaken, that Voien's consent allowed officers to search the basement southwest bedroom, and therefore Voien's consent to search that room was valid; the search of the padlocked southeast basement bedroom, to which neither Radik nor Voien had a key, was completely within Janicek's control, and evidence found in that room must be suppressed. (Filing No. 39, Tr. 100-03.) On the basis of these determinations, Judge Thalken recommended that the Defendant's motion to suppress be granted as to the southeast basement bedroom and denied with respect to the rest of the premises. (Tr. 103, 38.)

Janicek filed a statement of objections to the Report and Recommendation

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c) and NECrimR 57.3(a), the Court shall make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

The Magistrate Judge provided a detailed account of the events leading up to the search. (Tr. 96-100.) The Court has considered the transcript of the hearing conducted by the Magistrate Judge. (Filing No. 39.) The Court also carefully viewed the evidence.

**ANALYSIS**

Janicek objects to the factual findings that there was a gesture opening the door and allowing officers into the residence and that Mike Radik was not in his bedroom when they entered the residence.  This is a credibility determination.  Upon reviewing the transcript, this Court finds the officers' testimony more credible than Mike Ryan's testimony and agrees with Judge Thalken's factual findings that there was a gesture–an opening of the door–allowing officers to enter the residence and that Mike Radik was not in his bedroom when officers entered.  (Tr. 91-92 (Officer Beran's testimony indicating that Mike Radik allowed officers entry).)

Finally, Janicek argues that it was not reasonable for officers to believe that Voien had authority to consent to a search of the southwest bedroom.  Officer Baudler testified that Mike Radik told the officers that Voien was living in the basement with Janicek.  (Tr. 19-20.)  The objection is denied.

IT IS ORDERED:

1.      The Magistrate Judge's Report and Recommendation (Filing No. 38) is adopted in its entirety;

2.      The statement of objections to the Report and Recommendation (Filing No. 40) is denied;

3.      The Defendant's motion to suppress (Filing No. 16) is granted in part and denied in part as follows:

> a.      the motion is granted with respect to evidence seized from the padlocked southeast basement bedroom of the residence in question; and

      b.     otherwise, the motion is denied.

DATED this 27th day of June, 2005.

                          BY THE COURT:


                          s/Laurie Smith Camp
                          United States District Judge