IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                                             )<br>                       Plaintiff,           )<br>                                                             )           8:05CR32<br>          vs.                                            )<br>                                                             )           **PRELIMINARY ORDER**<br>SCOTT JANICEK and,                       )           **OF FORFEITURE**<br>KRISTINA VOIEN,                             )<br>                                                             )<br>                       Defendants.       ) | |

This matter is before the Court on the United States' Motion for Issuance of Preliminary Order of Forfeiture and <u>Memorandum</u> Brief (Filing No. 115). The Court reviews the record in this case and, being duly advised in the premises, finds as follows:

1. The Defendant, Scott Janicek, has entered into a Plea Agreement, whereby he has agreed to plead guilty to Counts I, III and IV of said Superseding Indictment. Count I of said Superseding Indictment charges the Defendant, Scott Janicek, with conspiracy to distribute methamphetamine, a violation of 21 U.S.C. § 846. Counts III and IV of said Superceding Indictment charge the Defendant, Scott Janicek, with using $20,532.00 and $5,202.00 in United States currency to facilitate the commission of the conspiracy and charges said personal properties are derived from proceeds obtained directly or indirectly as a result of the commission of the conspiracy. The Defendant, Scott Janicek, has also agreed to forfeit all right, title and interest he has in $13,900.00 in United States currency seized from the residence of his mother on August 23, 2005. The Defendant, Kristina Voien, has entered into a Plea Agreement, whereby she has agreed to plead guilty to Counts I and II of said Information. Count I of said Information charges the Defendant, Kristina Voien, with conspiracy to distribute methamphetamine, a violation of 21 U.S.C. § 846. Count II of said Information charges the Defendant, Kristina Voien, with using $20,532.00 in United

States currency to facilitate the commission of the conspiracy and charges said personal property is derived from proceeds obtained directly or indirectly as a result of the commission of the conspiracy.

2. By virtue of said pleas of guilty, the Defendants forfeit their interest in the subject properties, and the United States should be entitled to possession of said properties, pursuant to 21 U.S.C. § 853.

IT IS ORDERED:

A. The United States' Motion for Issuance of Preliminary Order of Forfeiture (Filing No. 115) is hereby sustained.

B. Based upon Counts III and IV of the Superseding Indictment, Count II of the Information and the Defendants' pleas of guilty, the United States Marshal for the District of Nebraska ("Marshal") is hereby authorized to seize the following-described properties: $20,532.00, $5,202.00 and $13,900.00 in United States currency.

C. The Defendants' interest in said properties is hereby forfeited to the United States of America for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n)(1).

D. The aforementioned forfeited properties are to be held by the Marshal in his secure custody and control.

E. Pursuant to 21 U.S.C. § 853(n)(1), the Marshal forthwith shall publish at least once for three successive weeks in a newspaper of general circulation, in the county where the subject properties are situated, notice of this Order, notice of the Marshal's intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the

Defendants, having or claiming a legal interest in any of the subject forfeited properties must file a Petition with the court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

F.  Said published notice shall state the Petition referred to in Paragraph E., above, shall be for a hearing to adjudicate the validity of the Petitioner's alleged interest in the properties, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title or interest in the subject properties and any additional facts supporting the Petitioner's claim and the relief sought.

G.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties subject to this Order as a substitute for published notice as to those persons so notified.

H.  Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

ORDERED this 23rd day of December, 2005..

**BY THE COURT:**

s/ Laurie Smith Camp
**United States District Judge**