IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO.  8:05CR32** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| **SCOTT JANICEK,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Filing No. 133) filed by the Defendant, Scott Janicek. Janicek also filed a motion for leave to proceed in forma pauperis and a brief supporting his § 2255 motion.  (Filing Nos. 134, 135.)  Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

The Defendant pleaded guilty to Counts I, III and IV of a Superseding Indictment charging him in Count I with conspiracy to distribute more than 500 grams methamphetamine and in Counts III and IV with criminal forfeiture.  The plea agreement includes a waiver of his right to file a motion pursuant to 28 U.S.C. § 2255, subject to "[t]he right to seek post-conviction relief based on ineffective assistance of counsel, or prosecutorial misconduct, if the grounds for such claim are not known to the defendant, or

not reasonably knowable by the defendant, at the time the defendant enters a guilty plea pursuant to the Plea Agreement." (Filing No. 104, ¶ 17.)

Janicek was sentenced to 168 months imprisonment, and he did not file a direct appeal.[1]

In his § 2255 motion, Janicek raises the following issues: 1) defense counsel previously represented the codefendant, Kristina Voien, in a related state court action, and therefore a conflict of interest was presented by counsel's representation of Janicek in this action; 2) *Georgia v. Randolph,* 547 U.S. 103 (2006)[2] should lead to a suppression of evidence; and 3) his guilty plea is rendered invalid due to the alleged conflict of interest described in (1) above.

### *Defense Counsel's Prior Representation of Codefendant*

The first and third issues are similar. Although these claims raise the issue of effective assistance of counsel, Janicek has not alleged that the previous representation of his codefendant by his attorney was not known to him or not reasonably knowable by him when he pleaded guilty. Therefore, these issues are denied because they are precluded by the terms of Janicek's plea agreement.

### *Suppression Issue*

With respect to the suppression issue, this Court denied the Defendant's motion to suppress on December 23, 2005, approximately four months before the *Randolph* opinion

---

[1] Janicek's plea agreement also included an appeal waiver. (Filing No. 104, ¶ 16.)

[2] In deciding *Randolph,* on March 22, 2006, the Court determined that a warrantless search was unreasonable where a defendant was at the search scene and clearly refused consent to a search *Id.* at 1519.

was issued. (Filing No. 116.) *Randolph* is not retroactive. *Love v. Norris,* 2006 WL 2381838, at *15 (E.D. Ark. Aug. 17, 2006). Moreover, this issue does not fall within the narrow exception to the waiver of Janicek's right to file a § 2255 motion. Therefore, this claim is denied.

## CONCLUSION

For the reasons discussed, the Court concludes that under Rule 4(b) the Defendant's § 2255 motion must be summarily denied.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Filing No. 133);

2. Upon initial review, the Court summarily denies the Defendant's claims raised in the § 2255 motion, and the motion (Filing No. 133) is summarily denied;

3. The Defendant's motion for leave to proceed in forma pauperis (Filing No. 134) is denied as moot;

4. A separate Judgment will be issued denying the § 2255 motion; and

5. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 14th day of May, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge